GREGORY v. RUBEL.

Opinion delivered June 29, 1931.

*Madison K. Moran,* for appellant.

*Trimble, Trimble & McCrary,* for appellee.

MEHAFFY, J. J. A. Coleman and wife gave to A. Rubel a mortgage on certain lands on the 9th day of July, 1917, to secure the payment of $670.89 due and payable January 1, 1918.

On the 16th of July, 1918, J. A. Coleman deeded the land described in the mortgage to F. A. McDonald, and at the time did not tell McDonald about the mortgage to Rubel.

In January, 1919, McDonald and wife made a deed to J. A. Coleman of all the land described in the mortgage except 40 acres. McDonald paid taxes on the 40 acres since 1918.

On December 1, 1928, F. A. McDonald sold the 40 acres of land to D. C. Jordan, and executed and delivered a deed to Jordan, and on the same day Jordan executed a mortgage to McDonald on the 40 acres involved, and other lands, for the sum of $800.

On December 31, 1928, D. C. Jordan and wife executed and delivered to J. E. Gregory a mortgage on the same 40 acres for the sum of $300.

After the death of A. Rubel, his widow, Sarah J. Rubel, on the 29th of April, 1930, brought suit to foreclose the mortgage and summons was issued and served on J. A. Coleman, D. C. Jordan and Alice Jordan, wife of said D. C. Jordan, and on July 11, 1930, a decree was taken, but not at that time put on record; it was, however, noted on the judge's docket. Thereafter J. E. Gregory was made a party, and summons was issued and served on him on July 19, 1930.

The attorney for Gregory, some time prior to October 3, 1930, went to the office of the chancery clerk of Lonoke County for a copy of the complaint in the case of Sarah J. Rubel *et al.* v. J. E. Gregory, and was informed

by the clerk that Gregory was made a party in the case of Rubel v. Coleman *et al.*

Gregory's attorney secured from the clerk's office what he thought was a copy of the complaint, but, after reaching home, he discovered that the paper was a copy of the decree. He thereafter received a copy of the complaint from the attorney for the plaintiff.

J. A. Coleman filed separate answer in which he admitted that he and his wife, Effie A. Coleman, executed their promissory note on July 9, 1917, and gave the mortgage described in plaintiff's complaint to secure the payment of said note. He neither admitted nor denied the correctness of the credits shown on the note.

J. E. Gregory, on October 3, 1930, filed answer and cross-complaint. In his answer he denied that plaintiff held a mortgage on the 40 acres involved in this suit. His cross-complaint was against D. C. Jordan and Alice Jordan his wife, and he asked for judgment against them for the sum of $300, and that the same be declared a lien, and that said land be sold to satisfy the lien.

Gregory thereafter, on November 12, 1930, filed an amendment to his answer in which he stated that the mortgage given by J. A. Coleman was executed July 9, 1917, due January 1, 1918; that it was barred by the statute of limitations because there had not been any marginal entries made on the record in the recorder's office in Lonoke County, and that said mortgage was void as to third persons under § 7408 of Crawford & Moses' Digest, because it had been more than 12 years since the mortgage was due. He alleged that his mortgage was paramount to the mortgage held by plaintiff.

J. E. Gregory also filed a petition for the production of a certain letter alleged to have been written to the judge of the chancery court, and he alleged that the letter was pertinent to the matter in controversy. He also filed a motion to set aside the sale.

F. A. McDonald also filed a warranty deed to the 40 acres and alleged that the mortgage to Rubel was barred by the statute of limitations.

The court entered a decree in favor of Sarah J. Rubel and for the sale of the lands to satisfy the decree, and adjudged the cost against J. A. Coleman. The decree recited that, if the property sold for more than the amount of indebtedness due the plaintiffs, the overplus should be held in the registry of the court, and the cause of action in the cross-complaint of J. E. Gregory against J. A. Coleman, D. C. Jordan and Alice Jordan was continued until the next term of court. This decree was rendered on the 3rd day of October, 1930, and was noted on the judge's docket, but was not placed on record until the 17th of November.

This appeal is prosecuted to reverse said decree. Letters were introduced and several witnesses testified. There was some conflict in the evidence. While we have carefully considered all the evidence, we do not deem it necessary to set it out here.

Appellant contends first that the court erred in entering a decree against J. E. Gregory until after 20 days from the time notice was given him that the plaintiffs were wanting to take his rights out of 40 acres of land in controversy and that he was a defendant with J. A. Coleman *et al.*

Summons was served on Gregory on July 19, 1930. The evidence shows that Gregory's attorney, some time prior to October 3, asked the chancery clerk about the case of *Rubel* v. *Gregory* and was told that Gregory was wanted in the case of *Rubel* v. *Coleman et al.*

The attorney for Gregroy stated to the court that he supposed that Gregory had been summoned in the case of *Rubel* v. *Coleman,* and he was advised that that was true. Gregory's attorney then filed answer. He had been there before and got what he thought was a copy of the complaint, but he later found that it was a copy of the decree.

Mr. Moran, Gregory's attorney, testified that Mr. Trimble, attorney for appellees, announced to the court that he denied that appellees had a mortgage, and there-

upon Mr. Walls, who represented Mr. Coleman, said that there was no use to deny it, that Coleman had given the mortgage. Moran testified that the mortgage was not produced and not introduced in evidence. It is admitted, however, that a decree of foreclosure was agreed to and the notation made on the judge's docket. Thereafter when Trimble mailed Moran a copy of the decree, Moran declined to agree to the decree as written by Trimble.

After the decree had been agreed to, and after the case had been decided by the court, Moran discovered that there was no memorandum on the mortgage record, and he then contended and now contends that the appellee's cause of action was barred by the statute of limitations. This contention however, comes too late. The court had already decided the case.

It is next contended that the court erred in receiving the papers from Mr. Trimble, who had withdrawn the papers from the file of the clerk without an order from the court.

Section 1186 of Crawford & Moses' Digest, provides that original pleadings and papers shall not be taken from the office of the clerk unless by order of the court. The evidence shows that these papers were mailed to the judge of the court. The judge of the court would have a right to make an order permitting any one interested to take the papers, and there could certainly be no wrong or violation of the statute in sending the papers to the judge himself.

The parties had agreed on a decree when the court was in session, and when the attorney for appellees mailed the precedent to the attorney for the appellant, the attorney for the appellant declined to agree to the decree as written, and the attorney for the appellee mailed all the court papers, together with the correspondence between the attorneys, to the judge, who then prepared a decree according to his findings when court was in session October 3rd, and this decree prepared by the court was

placed on record the 17th day of November, when the court was again in session at Lonoke.

The court did not render a decree in vacation. The decree was rendered when court was in session the 3rd day of October and when all parties interested were present.

It is next contended that appellee did not prove her debt by introducing the note and mortgage. The evidence shows that the note and mortgage were both introduced in evidence. The attorney for the appellee testifies that this was done, and the decree recites the fact. The decree was rendered the 3d of October, and there was not another or different decree, but it was the same decree, that was placed on record November 17th.

The appellant contends that the court erred in refusing to enter an order requiring T. C. Trimble, attorney for appellee, to furnish Gregory a copy of the letter written to the court when the papers were mailed to him. The evidence does not show what was in this letter. It was written after the decree was rendered and could not have had any effect on the decision of the court in any way because the decision had already been reached by the court.

It is also contended that the sale should not have been confirmed because the land had not been appraised.

Section 7404 of Crawford & Moses' Digest, relied on by appellant, refers to foreclosures where the mortgaged property is personal property, and this sale was not made under the power of sale in the mortgage, but was made under the foreclosure decree of the chancery court.

Appellants next contend that the attorney for the plaintiff prepared the decree, and that it should therefore be construed more strongly against him. As we have already said, the decree was agreed to in open court, and it would make no difference who prepared it, it would have to be prepared in accordance with the finding of the court.

There are some other objections to the action of the court and to the decree and sale, but we do not think it necessary to discuss them, because what we have already said disposes of the questions raised.

The decree is affirmed.